TayuoR, Chief Justice,
 

 delivered the opinion of the Court :
 

 It is contended, that the third will, made by the direction of the testator, not conforming in any respect to the provisions of the act of 1784, relative to devises of land, cannot operate as a revocation of the former wills, which are effectual under that law. But after an attentive consideration of the arguments and authorities adduced in the case, we are of opinion, that in pointof law, the latter paper may operate as a revocation pro
 
 tanto,
 
 and tiiat it must have that effect, if upon another trial of the issue, the jury si ¡all find the
 
 animum revocundi.
 

 It is not to be doubted, that this case would receive a different determination under the statute of frauds ami perjuries, .the sixth clause of which, requires a revoking will to be made with nearly all the solemnities, which appertain to a devising one. But it must be remembered, that the law of this state is silent as to the manner in which a will of land shall be revoked, and the statute of frauds never had operation here.
 

 On tliis point, therefore, the common law, as it existed previously to the enactment of that statute, and as il. exists at present, must furnish the rule. Now, according to that, any act or words of the testator, which evince an immediate purpose to revoke his will, must have that effect. As if one having made jiis will in writ
 
 *236
 
 ing, and devised his lands to A. afterwards being sick, and on bis death-bed, declares that he did revoke his. will, and A. should not have the lands given him by the will, or other like words, showing the devisor’s intent to. make an express revocation thereof. Or if, speaking of bis will, he had said, “I.do revoke it, and be a witness 1 hereof.” For these expressions would have shewn au immediate intention to revoke it. (Dyer, 310.)
 

 The case cited by the Defendant’s Counsel, from 2
 
 .Danvers,
 
 529, conveys the law directly applicable to this case:
 
 “
 
 If a man devises land to another by his will, and after, he devise it by parol, though this be void as a will, yet it is a revocation of the first will.” So in the present case, the paper iiich was written by the testator’s direction, being unsigned, unaltered, and not’in bis own hand writing, cannot operate as a devise of the lands described in
 
 it;
 
 but as it indicates a clear purpose of making a different disposition of some of them, from that contained in his former wills, it so far operates as a revocation of them.
 

 A11 the authorities concur in ascertaining beyond a doubt, the right of a testator to revoke by parol, a will of real estate, before the statute of 29, ch, 2. And it seems (o be equally clear, from analogous constructions of that statute, that such right would have subsisted after it, if a special prohibition had not been introduced. Thus the fourth section of the statute requires a certain agreement to be made in writing, but is silent as to the mode of revocation. Yet it has been hold, that all those agreements may he revoked by parol.
 

 All.the cases relied upon to shew that a revocation, is not effected here, have arisen since the statute and are constructions of it, which, however just they may be in relation to that law, cannot apply to a case to be tested by a different rule. Whether it be not necessary to appoint .solemnities for the revocation of a will, and thus, guard against the perjury, imposition, and disappoint-
 
 *237
 
 mcnt of testator’s wishes, which the present system may produce, is a (pie stion for the legislature to deckle. The province of this court is limited by the duty'of ascertaining what that system is. Let there he a new trial.